FILED

FEB 15 2017

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY

UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

ROBERT C. SMITH,
    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　Case No. 7:17-CV-031

ARMY BOARD OF CORRECTIONS FOR MILITARY RECORDS, and
SECRETARY OF THE ARMY,
    Defendants.

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Plaintiff, by and through his undersigned counsel, and for his Complaint against the Army Board of Corrections for Military Records and Acting Secretary of the Army Robert M. Speer and/or any successor Secretary, hereby consents to a Magistrate Judge in this matter, and states as follows:

### I.
### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Administrative Procedures Act, 5 U.S.C. §§ 701-706; and 10 U.S.C. § 1552.

2. This Court has jurisdiction pursuant to the following statutes:

   a. 5 U.S.C. §§ 701-706, Administrative Procedures Act;

   b. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

   c. 10 U.S.C. § 1552, which gives the Secretary of a military department the authority to correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice; and

#700011529

1

d. 5 U.S.C. § 706 applying the arbitrary and capricious standard to the underlying final decision by the Army Board of Corrections for Military Records.

3. Venue is appropriate in this judicial district under 28 U.S.C. §1391 because the events that gave rise to this Complaint occurred in this district, Plaintiff resides in this district, and Defendants are subject to jurisdiction in this district.

## II.
## PARTIES

4. Plaintiff is a citizen of the United States and resides in the County of Midland, State of Texas, which is in this judicial district.

5. Defendant Army Board of Corrections for Military Records is a federal governmental agency and may be served by serving the Army Review Boards Agency, 251 18th Street South, Suite 385, Arlington, Virginia 22202-3531.

6. Defendant Secretary of the Army, including Acting Secretary Robert M. Speer and/or any successor Secretary, may be served, in accordance with 32 C.F.R. 516.14, by serving the Chief, Litigation Division, Office of the Army General Counsel, 104 Army Pentagon, Washington, D.C. 20310-0104.

## III.
## GENERAL ALLEGATIONS

7. After serving in the regular Army and the Army Reserve, Plaintiff enlisted in the Illinois Army National Guard (ILARNG). Eventually he was selected to commission as an officer and on December 13, 2005, Plaintiff re-enlisted in the ILARNG to attend Officer Candidate School (OCS). Plaintiff began OCS at the 129th Regional Training Institute (RTI) in March 2006 in Springfield, Illinois.

8. In preparation for OCS, Plaintiff filled out a Questionnaire for National Security Positions, also called a Standard Form 86 (SF 86). Plaintiff also had his fingerprints taken at the local police station where he was living. Plaintiff turned the SF 86 and the fingerprints over to the personnel department of his new unit. On April 1, 2006, Plaintiff's initial medical examination was performed.

9. From June 12, 2006 through August 27, 2006, Plaintiff attended OCS. He successfully completed the requirements and graduated and was issued a "completion certificate." The certificate was valid for a period of two years. At this point the only outstanding requirement needed for Plaintiff's commissioning was a secret security clearance, which required a personnel security investigation (PSI).

10. However, inexplicably, the Government did not complete the PSI for Plaintiff until November 14, 2008 – over two years from when Plaintiff had completed OCS and over three months after his OCS completion certificate had expired.

11. Although the PSI was clear and Plaintiff was granted an interim secret security clearance, by that time he was too old to re-enroll in OCS and complete the requirements prior to becoming 42 years old -- the age cut-off for Plaintiff's method of commissioning.

12. During the above time (July 2008), Plaintiff had transferred to the New Mexico Army National Guard (NMARNG). Plaintiff in good faith believed he had done everything he was supposed to do to get his security clearance and there were no other actions he could have taken to speed up the process. Sometime later Plaintiff spoke to his new unit's Personnel Security Manager, Staff Sergeant Donna Sullivan. Through her, Plaintiff learned that the ILARNG failed not only to follow up with the security information Plaintiff had timey provided them, but also to even begin the process for a clearance. The delay in

processing Plaintiff's security clearance was the sole reason Plaintiff was prevented from commissioning.

13. Plaintiff then petitioned the Defendant Army Board of Corrections for Military Records (the "Board") to correct the injustice created by the processing delay. On March 19, 2013, the Board held that "[Plaintiff] must assume responsibility for his lack of action." It found that, "[h]ad he been more diligent in the pursuit of his security clearance from the beginning, it is highly likely it would have been processed within the 2-year limitation" and he would have been commissioned. The Board found there to be no error or injustice in Plaintiff's case and recommended the denial of his request. The Board reiterated its findings in its April 2015 final decision denying Plaintiff's request for reconsideration, from which Plaintiff now appeals.

## IV.
## CLAIMS FOR RELIEF

**COUNT I: REQUEST TO SET ASIDE ARMY BOARD FOR CORRECTION OF MILITARY RECORDS' DECISION IN THIS CASE BECAUSE IT WAS ARBITRARY, CAPRICIOUS, CONTRARY TO LAW, AND/OR UNSUPPORTED BY SUBSTANTIAL EVIDENCE PURSUANT TO 5 U.S.C. § 706**

14. Army Board for Corrections of Military decisions are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence. *Chappell v. Wallace*, 462 U.S. 296, 303 (1983); *Stoneburner v. Secretary of the Army*, 152 F.3d 485, 488 (5th Cir. 1998).

*The Board's decision was "Arbitrary and Capricious" and "Contrary to Law" by Improperly Shifting the Burden of Timely Processing Plaintiff's Security Clearance onto Plaintiff*

15. The responsibility for the untimely processing of Plaintiff's security clearance belonged solely to the military and has adversely affected Plaintiff. Both the Army's regulations

4

along with the U.S. Code make it clear that the responsibility for processing a security clearance rests with the agency making the request, not with the individual member.

16. In order to deny Plaintiff's claim, the Board essentially held that the processing delay error was the fault of Plaintiff, not the military. The Board's decision that shifted the responsibility for the processing delay to Plaintiff was made in error.

17. The Army's procedures for processing security clearances are governed by Army Regulation (AR) 380-67. As the regulation makes clear, the responsibility to process an application rests solely with the people who hold the positions listed in AR 380-67, paragraph 11-2, not the individual applicants. Paragraph 11-2(h) of (AR) 380-67 squarely places the responsibility to initiate requests for personnel security investigations -- as well as to request security clearances -- on the commanders, Army Staff heads, and supervisors for implementing the personnel security provisions of AR 380-67. The responsibility for the adjudication and granting of security clearances rests with the commander of the Army Central Clearance Facility. AR 380-67, para 11-2(g). Finally, the Defense Investigative Services (DIS) Personnel Investigations Center is responsible for the actual investigation of the individual applicant. *See* (AR) 380-67, para 2-8. Additionally, United States Code in the form of the Intelligence Reform and Terrorism Prevention Act of 2004 ("IRTPA") makes clear that the agency bears the responsibility for processing security clearances. *See* 50 USC 3341. It states that it is the agency -- not the individual applicant -- who will "be responsible for ... directing the day-to-day oversight of investigations and adjudications for personnel security clearances[.]" 50 U.S.C. 3341(b)(1). Additionally, as stated above, IRTPA also recognizes that it is the agency – not the individual applicant – who is responsible for the timing of making the security clearance determinations.

18. Therefore, the Board's underlying decision (1) denying that the military bears responsibility for the processing of Plaintiff's application and (2) placing the responsibility for processing the application upon Plaintiff is both "arbitrary and capricious" and "contrary to law."

19. In addition, the Board's decision that Plaintiff's own actions slowed down the processing of the application is in error as the decision is not supported by substantial evidence. By placing the responsibility on the applicant of the security clearance to ensure timely processing of his application, the Board went against applicable Army regulations and placed an undue and impermissible burden on Plaintiff in this case. Plaintiff's role in the process was extremely limited. Based on AR 380.67, paragraph 5-6, Plaintiff's responsibility was to provide appropriate investigative forms, provide fingerprints of a quality acceptable to the Federal Bureau of Investigation (FBI), and execute a signed release authorizing custodians of police, credit, education, employment, and medical and similar records, to provide relevant record information to the investigative agency.

20. Plaintiff completed all these required steps in a timely manner. There is no provision in AR 380-67 which places the responsibility to ensure timely processing on the applicant and nowhere in the regulation is there a mechanism that would allow an applicant to attempt to speed up the process. It is unjust for the Board to shift the responsibility for timely processing to Plaintiff then use this as a reason to deny his claim.

*The Board's decision was "Arbitrary and Capricious" by Failing to Consider a Viable Legal Option that Would have remedied the Injustice*

21. The Board failed to consider a viable option that would have remedied the injustice to Plaintiff in this case. According to National Guard Regulation (AR) 600-100, 2-7(b)(2)(e)(1) maximum age limitations can be waived if the applicant is over age due to due to administrative delay:

6

2-7. Eligibility criteria

...

b. Age.

...

(2) Maximum age.

...

(e) Waiver of the maximum age limitation of basic branch commissioned officers may be considered if the applicant:

1. Becomes over-age due to administrative processing.

22. The above exception is on all fours to this case and is precisely what happened to Plaintiff. However, the Board failed to consider and/or apply this exception.

*"Lack of Substantial Evidence" Showing any Causal Connection Between Plaintiff's Actions and the Delay in Processing*

23. The Board found that certain actions by Plaintiff caused the 2-year delay in processing. However, the record lacks any evidence of causal connection between Plaintiff's actions and the 2-year delay. Since there is no substantial evidence of a causal connection, the Board's decision is in error.

24. The Board found that, after Plaintiff's transfers and subsequent assignment with the NMARNG, his security clearance was finally processed, but the delays caused the process to exceed the 2-year limit associated with the OCS completion certificate to become qualified and receive Federal recognition or become ineligible for appointment.

25. While there is evidence on the record of Plaintiff's transfers and there is evidence of the 2-year delay in processing his clearance, the Board's finding of causal connection between the two is not supported by substantial evidence in the record in this case. It is unclear from the record in this case exactly how the Board found substantial evidence of a causal connection between Plaintiff's actions and the 2-year delay. Plaintiff left Illinois in search of employment and he transferred from one state ARNG to another one. However, nothing

in the record suggests that either action would have an adverse impact on timely processing by the military. The Board's rulings below are based on an assumption that a move by Plaintiff somehow had an effect on those processing times. An assumption is insufficient to rise to the level of "substantial evidence" of causal connection.

## V.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully asks this Court to award the following relief:

1. Set aside the underlying final decision by the Board;
2. Issue a final judgment recognizing Plaintiff as a commissioned officer;
3. Award the proper retirement rank and pay scale similar to Plaintiff's commissioned active duty peers; and
4. Such other and further relief as the Court deems appropriate.

Respectfully Submitted,

NORRELL LAW OFFICE
Josh Norrell
Texas State Bar Number 2400824
106 Austin Avenue, Suite 201
Weatherford, Texas 76086
Tel: 817-598-0564
Fax: 817-598-0567
Email: norrelllawoffice@att.net