UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| ROBERT C. SMITH, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. MO-17-CA-00031-RAJ-DC |
| § | |
| ARMY BOARD OF CORRECTIONS § | |
| FOR MILITARY RECORDS AND § | |
| RYAN D. MCCARTHY, SECRETARY § | |
| OF THE ARMY. § | |
| § | |
| Defendants. § | |

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
OR FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 12(c), 12(g)(2), and 12(h)(2), Defendants Army Board of Corrections for Military Records (ABCMR) and Ryan D. McCarthy, in his official capacity as Secretary of the Army ("Defendants") respectfully move this Court for an Order dismissing plaintiff's claims for failure to state a claim upon which relief can be granted. If (and only if) any of plaintiff's claims are not dismissed for the reasons elaborated below, summary judgment on behalf of the defendants is appropriate because the pleadings and the evidence establish that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" under Fed. R. Civ. P. 56.

**MEMORANDUM IN SUPPORT**

**I.    INTRODUCTION**

Plaintiff filed this lawsuit pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.* Specifically, plaintiff alleged that the ABCMR arbitrarily, capriciously, and unsupported by substantial evidence declined to provide his requested promotion. (Dkt 1 ¶ 1-2)

Defendants' Motion to Dismiss or for Summary Judgment                                                  1

He asked this court to: (1) set aside the decision of the ABCMR; (2) issue a final judgment recognizing plaintiff as a commissioned officer; (3) award the proper retirement rank and pay scale similar to plaintiff's commissioned active duty peers; and (4) grant any such other and further relief as the Court deems appropriate. (Dkt 1 Section V)

On August 21, 2017, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Dkt 21).  On November 29, 2017, this Court denied Defendants' Motion to Dismiss stating that it had authority to review the ABCMR's decision, but not to award plaintiff a promotion. (Dkt 29 pgs 8-9).  Defendants filed their Answer on December 13, 2017. (Dkt 30).

## II.   STATEMENT OF FACTS

Plaintiff enlisted in the United States Army on November 5, 1985. (AR 000010; 000280). After enlisting, he served four years on active duty until his honorable discharge on November 4, 1989. (AR 000010; 000057; 000286).  At the time of his discharge, he had attained the rank of Sergeant, paygrade E-5. (AR 000010; 000286). After his discharge, plaintiff transferred to the United States Army Reserve (USAR) Control Group (Reinforcement).  (AR 000084).

On December 13, 2005, plaintiff enlisted in the Illinois Army National Guard (ILANG). (AR 000227). During his time in the ILANG, plaintiff attended Officer Candidate School (OCS). (AR00278).  He completed OCS on August 27, 2006. (AR 000097). Upon graduation, he received a Certificate of Eligibility (NGB Form 89a).[1]  (AR 000097). At the time plaintiff completed OCS he was 39 years old, allowing him to hold a commission in the USAR.  See 10 U.S.C. § 532

---

[1] A Certificate of Eligibility is used in situations where individuals wish to seek a commission in the Army National Guard, but there are no position vacancies.  This certificate allows the individual time to search for an available position and to seek qualification.  A certificate is valid for two years after it is issued.  See National Guard Regulation (NG Reg.) 600-100, Personnel-General, Commissioned Officers – Federal Recognition and Related Personnel Actions, ¶ 2-12, dated April 15, 1994.  In this instance, Plaintiff's Certificate of Eligibility remained valid until August 27, 2008.

(requiring that a commissioned officer must be able to complete twenty years prior to his sixty-second birthday).

On September 25, 2006, plaintiff transferred to the Arizona Army National Guard (AZANG). (AR 000266). At the time of this transfer, he had attained the rank of Staff Sergeant, pay grade E-6. *Id.* Plaintiff failed to report to his new unit in the AZANG after his transfer. (AR 000257). Plaintiff never performed any Reserve duty with the AZANG. Consequently, on February 5, 2007, the AZANG separated plaintiff from service for his failure to report.[2] *Id.* Shortly thereafter, the AZANG transferred him to the USAR Control Group (Annual Training). (AR 000130; 000266). He was further transferred to the USAR Individual Ready Reserve (IRR) on February 16, 2007. (AR 000130; 000256). Plaintiff's orders transferring him to the IRR noted that he did not have a valid security clearance. *Id.* Plaintiff did not participate in any individual training periods during his time assigned to the IRR. (AR 000257).

Plaintiff enlisted in the New Mexico Army National Guard (NMANG) on July 3, 2008. (AR 000237). At the time of this enlistment, he was 41 years and 3 months old, still satisfying the requirements for commissioning. (AR 000237). Around this same time, plaintiff learned he had not been granted a security clearance since successfully completing OCS, and his certificate of completion was set to expire in approximately one month. Plaintiff resolved his security clearance issue by November 2008, but his certificate expired so he was unable to commission. Additionally, after the certificate of completion expired he was over the maximum age to re-enroll in OCS. On July 2, 2009, Plaintiff was discharged from the NMANG at the rank of Staff Sergeant. At the time

---

[2] When a National Guard soldier fails to report to his new state unit, his gaining unit is directed to contact the losing unit to determine the status of the absent soldier. If neither State can locate the Soldier, the gaining state will discharge him from the state component only and assign the soldier to the individual ready reserve. The soldier's discharge will be uncharacterized. *See generally* Nation Guard Regulation 600-200, Enlisted Personnel Management.

Defendants' Motion to Dismiss or for Summary Judgment                                                                 3

of his discharge, he did not complete the requisite service necessary to vest retirement benefits.[3] (AR 000258-000259).

### III.  STANDARD OF REVIEW

    A.    <u>Fed. R. Civ. P. 12(c)</u>

A defense of "[f]ailure to state a claim upon which relief can be granted" may be raised in a Fed. R. Civ. P. 12(c) motion or at trial. Fed. R. Civ. P. 12(h)(2). The fact that Defendants previously moved for dismissal of plaintiff's APA claims under Fed. R. Civ. P. 12(b)(1) does not prohibit Defendants from moving for a judgment on the pleadings because a Fed. R. Civ. P. 12(c) motion may be filed "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c); *Stearman v. C.I.R.*, 436 F.3d 533, 536 n.6 (5th Cir. 2006); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Pleadings closed when Defendants filed their answer. Fed. R. Civ. P. 7(a).

The Fifth Circuit "evaluate[s] a motion under Fed. R. Civ. P. 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim." *Gentilello v. Rege*, 627 F.3d 540, 543–544 (5th Cir. 2010). To survive dismissal, a Complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* A plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570. When reviewing a Fed. R. Civ. P. 12(b)(6) motion, the Court "must consider the complaint in its entirety" along with "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker*

---

[3] Plaintiff only completed 14 years of qualifying service towards retirement prior to his separation.

*Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quotation marks omitted); *see also id.* (upholding judicial notice of agency documents that were matters of public record).[4]

    B.    <u>Fed. R. Civ. P. 56</u>

Summary judgment under Fed. R. Civ. P. 56 is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When assessing a summary judgment motion in an APA case, "the district judge sits as an appellate tribunal." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). "The entire case on review is a question of law, and only a question of law." *Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993).

In a motion for summary judgment, "[t]he moving party bears the initial burden of showing that there is no genuine issue for trial; it may do so by 'point[ing] out the absence of evidence supporting the nonmoving party's case.'" *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 712 (5th Cir. 1994) (quoting *Latimer v. Smithkline & French Labs., a Div. of Smithkline Beckman Corp.*, 919 F.2d 301, 303 (5th Cir. 1990)). If the moving party has satisfied its initial burden, the nonmovant must then come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (citing Fed. R. Civ. P. 56(e)). When a moving party requests that a court grant its motion for summary judgment, a court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). While a court will resolve factual controversies or disputes in the non-movant's favor, it must do so "only when there is an *actual* controversy, that

---

[4] Defendants have attached Army Regulation 380-67 in its entirety. Defendants also refer to the Administrative Record (AR) attached to Defendants' prior Motion to Dismiss (Dkt 21), but have elected to not re-attach it to this motion due to its length.  If requested, Defendants will refile with the Administrative Record attached.

Defendants' Motion to Dismiss or for Summary Judgment    5

is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (emphasis added). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990)).

IV. LAW AND ARGUMENT

  A. <u>The ABCMR's Decision Is Entitled To Significant Deference</u>

The Court must defer to the ABCMR's decision unless it is arbitrary and capricious, contrary to law, or unsupported by substantial evidence. *See Save Our Springs v. Babbitt*, 27 F. Supp. 2d 739, 746 (W.D. Tex. 1997): *see also Williams v. Wynne*, 533 F.3d 360, 368 (5th Cir. 2008) ("Final decisions made by boards for the correction of military records ... are subject to judicial review under the APA and can be set aside if they are arbitrary, capricious, or not supported by substantial evidence") (citing *Chappell v. Wallace*, 462 U.S. 296, 303, 103 S. Ct. 2362, 76 L. Ed. 2d 586 (1983)).

Although judicial review of military records correction decisions incorporates the core arbitrary or capricious standard of traditional administrative law, such review is "*exceptionally deferential.*" *Williams*, 533 F.3d at 368 (quoting *Viles v. Ball*, 872 F.2d 491, 495 (D.C. Cir. 1989)) (emphasis added); *see also Kreis v. Sec'y of Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989). "All that is required is that the Board's decision minimally contain a rational connection between the facts found and the choice made." *Pierce v. Underwood*, 487 U.S. 552, 563–64, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988). (quoting *Frizelle v. Slater*, 111 F.3d 172, 176–77 (D.C. Cir. 1997)); *see also Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 285, 95 S. Ct. 438, 42 L. Ed. 2d 447 (1974); *Kisser v. Cisneros*, 14 F.3d 615, 619 (D.C. Cir. 1994); *Meditrust Fin. Servs. Corp. v. Sterling Chemicals, Inc.*, 168 F.3d 211, 215 (5th Cir. 1999).

Agency findings of fact are reviewed for substantial evidence. *See Morris-Johnson v. Barnhart*, No. CIV.SA-04-CA-0527-FB, 2005 WL 1979351, at *2 (W.D. Tex. Aug. 12, 2005) (addressing standard of review in social security agency review cases) (citing *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995)). Substantial evidence "is more than a scintilla, less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Ripley*, 67 F.3d at 555; *Martinez*, 64 F.3d at 173).

To prevail on APA appeal, a "plaintiff must rebut with clear, cogent and convincing evidence the presumption that the [ABCMR] acted legally." *Johnson v. Reed*, 609 F.2d 784, 790 (5th Cir. 1980). "The plaintiff bears the burden of establishing by cogent and clearly convincing evidence that the decision of the board was the result of a material legal error or injustice." *Williams*, 533 F.3d at 368 (internal quotations omitted). Thus, "[u]nless Congress specifically provided otherwise, courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs." *Dep't of Navy v. Egan*, 484 U.S. 518, 530, 108 S. Ct. 818, 98 L. Ed. 2d 918 (1988).

    B.    *The ABCMR's Decision Was Reasonable And Rationally Connected to the Facts In This Case*

In the present case, the ABCMR found the following:

- "The evidence of record shows the applicant attended [Officer Candidate School] from 12 June to 27 August 2006 while he was a member of the ILARNG. He successfully completed the requirements, graduated, and received a Certificate of Completion on 27 August 2006. Evidence shows he was voluntarily transferred to the AZARNG the following month [September 2006]. However, evidence indicates he never performed any Reserve duty with the AZARNG prior to his transfer to the IRA. As such, it is reasonable to presume the ILARNG/AZARNG would not have proceeded with any security clearance processing during that time." (AR 000013)

- "[I]t was the applicant's responsibility to submit appropriate forms, including SF 86, release form, certificate form, and fingerprint card to the appropriate authorizing agency to initiate the investigation process. Even if the applicant provided the appropriate documentation upon entering the OCS program as he contends, his absence from an active Reserve status during what appears to be the entire 2-year period following the issuance of his completion certificate would likely have caused any processing of his security clearance to cease or at best not proceed in a timely manner." (AR 000014).

- "[T]he preponderance of evidence does not indicate that an error or injustice exists in this case. Moreover, though the ILARNG may have failed to promptly process his security clearance, his absence during the 2-year period following his OCS completion would have been a significant factor in delaying a Secret security clearance." (AR 000014, 000015)

It is incumbent on plaintiff to plead facts sufficient to show this decision was not rational. He has not done so. The ABCMR's determination that plaintiff's disappearance from all military activity for the two years contributed to his lack of a security clearance is a rational decision based on the facts.

It is a well-established principle that no one has a "right" to a security clearance. *Egan*, 484 U.S. at 528. The grant of a security clearance requires an affirmative act of discretion and a clearance may be granted only when "clearly consistent with the interests of the national security." *See* 32 C.F.R. § 156.3(a) (1987). The Army Regulation to which plaintiff selectively cites in his complaint, Army Regulation 380-67 paragraph 2-21, also states, "[t]he number of persons cleared for access to classified information shall be kept to a minimum, consistent with the requirements of operations." It is, therefore, rational to find that an Army National Guard unit has no obligation to process security clearance applications for soldiers who have left their unit and/or never report, as doing so would not be consistent with the interests of national security nor would comply with internal Army regulations. It was not until plaintiff reported to the NMARNG that it became incumbent on the entities identified in plaintiff's complaint to process his security clearance

paperwork—and, it should be noted, those entities did so comply. Plaintiff may not be happy with ILANG and AZANG's lack of processing during his interregnum, but he was not their soldier and they had no obligation to process his application.

In his complaint, plaintiff states "the responsibility to process an application rests solely with the people who hold the positions listed in Army Regulation 380-67, paragraph 11-2, not the individual applicants." (Dkt 1 ¶ 17) According to plaintiff, "[t]here is no provision in Army Regulation 380-67 which places the responsibility to ensure timely processing on the applicant and nowhere in the regulation is there a mechanism that would allow an applicant to attempt to speed up the process. It is unjust for the Board to shift the responsibility for timely processing to Plaintiff then use this as a reason to deny his claim." (Dkt 1¶ 20) Plaintiff's arguments are summed up in the final paragraph of his brief, "While there is evidence on the record of Plaintiff's transfers and there is evidence of the 2-year delay in processing his clearance, the Board's finding of causal connection between the two is not supported by substantial evidence in the record in this case. It is unclear from the record in this case exactly how the Board found substantial evidence of a causal connection between Plaintiff's actions and the 2-year delay. Plaintiff left Illinois in search of employment and he transferred from one state ARNG to another one. However, nothing in the record suggests that either action would have an adverse impact on timely processing by the military." (Dkt 1 ¶ 25)

Plaintiff's complaint missed the point. The responsibility for processing a proper security clearance request may well be as plaintiff alleged, but that does not matter when he is not a member of the unit. When he is not present for duty, there is no longer a continuing need to process his clearance application. Taken further, plaintiff's theory of security clearance application processing would require military units to spend countless hours and thousands of taxpayer dollars to process security clearance applications for contractor applicants who leave their employers, for active duty,

Defendants' Motion to Dismiss or for Summary Judgment 9

guardsmen, and reservists who leave the military, and for civilians who apply for a job only to choose to work elsewhere. Finally, plaintiff has alleged no facts and presented no law that would show that the ILANG's or the AZANG's "obligation" to process his clearance continued past the day he left the ILANG. He further alleged no facts that would show that the ABCMR's decision was irrational.

As the ABCMR's decision properly reasoned, it was and is *plaintiff* who bears the responsibility for transferring immediately after requesting a security clearance and who never reported to his new unit, but who then nevertheless expected the Army to hand him a security clearance after a two-year absence. That the Board found plaintiff's complete and absolute failure to act as an accountable soldier contributed in some part to his inability to commission is, at the very least, reasonable. Plaintiff cannot carry his extraordinarily high burden to show that the ABCMR's decision is not rationally connected to the facts found, and it should, accordingly, be dismissed.

### V.    CONCLUSION

For the forgoing reasons, Defendant respectfully requests that the Court grant this Motion, and Plaintiff's claims be dismissed with prejudice pursuant to Fed R. Civ. P. 12(c). In the alternative, Defendant requests the Court enter a final judgment in Defendant's favor. Fed. R. Civ. P. 56.

Dated:  December 21, 2017

                                      Respectfully submitted,
                                      **JOHN F. BASH**
                                      United States Attorney

                   By:    */s/James E. Dingivan*
                           **JAMES E. DINGIVAN**
                           Assistant United States Attorney

601 NW Loop 410, Suite 600
San Antonio, Texas 78216-5597
Texas Bar No. 24094139
James.dingivan@usdoj.gov
Tel. (210) 384-7372; Fax. (210) 384-7312
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 21st day of December 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Fred O. Hull
Winn, Beaudry & Winn
4200 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201

*/s/James E. Dingivan*
**JAMES E. DINGIVAN**
Assistant U.S. Attorney